UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| US Bank National Association, as Legal Title Trust for Trustee for Truman 2016, SC6 Title Trust,<br><br>                Plaintiff,<br><br>    v.<br><br>Linda Rose Expose,<br><br>                Defendants. | No. 2:21-cv-01055-KJM-JDP<br><br>ORDER |

      Defendant Linda Rose Expose, proceeding pro se, removed this unlawful detainer action, Notice of Removal, ECF No. 1, and moves to proceed here in forma pauperis, Mot., ECF No. 2. The court **remands the case to Stanislaus County Superior Court** and **denies** the motion to proceed in forma pauperis.

      When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, a defendant may remove it to federal court. 28 U.S.C. § 1441(a). A federal district court may remand a case sua sponte where a defendant has not established federal jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded . . . ."); *Enrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). There are two primary bases for federal subject matter jurisdiction: diversity and federal question. Diversity jurisdiction exists

1   where the amount in controversy exceeds $75,000 and the parties are in complete diversity. 28
2   U.S.C. § 1332.  The court has federal question jurisdiction over "all civil actions arising under the
3   Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Under the well-pleaded
4   complaint rule, a suit "arises under" federal law "only when the plaintiff's statement of his own
5   cause of action shows that it is based upon [federal law]." *Louisville & Nashville R. Co. v.*
6   *Mottley*, 211 U.S. 149, 152 (1908).  Federal question jurisdiction cannot rest upon an actual or
7   anticipated defense or counterclaim.  *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).

8   Here, Expose insists the court in which this action was previously pending does not have
9   jurisdiction, Notice of Removal at 2, but nowhere does Expose provide a basis for this court's
10  exercise of subject matter jurisdiction, *see generally id.*  The removal filing appears to assert
11  Federal Question Jurisdiction.  *See* Civil Cover Sheet, Notice of Removal, ECF No. 1 (under
12  basis of jurisdiction "Federal Question" checked).  But Expose does not identify any federal law
13  under which this action arises, and furthermore does not attach the original complaint so the court
14  may evaluate it.

15  For the foregoing reasons, the court has determined sua sponte that it lacks subject matter
16  jurisdiction, and thus remands this matter to Stanislaus County Superior Court.  As a result,
17  defendant's motion for in forma pauperis status is **denied** moot.

18  This order resolves ECF No. 2.

19  The Clerk is directed to close the case.

20  IT IS SO ORDERED.

21  DATED: June 16, 2021.

CHIEF UNITED STATES DISTRICT JUDGE